[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In November 1998, defendant-appellant Frank Pool was charged with criminal child enticement in violation of R.C. 2905.05, which reads as follows:
No person, by any means and without privilege to do so, shall knowingly solicit, coax, entice, or lure any child under fourteen years of age to enter into any vehicle, as defined in section4501.01 of the Ohio Revised Code, whether or not the offender knows the age of the child if both of the following apply:
 (1) The actor does not have the express or implied permission of the parent * * * in undertaking the activity;
 (2) The actor is not a law enforcement officer, medic, firefighter, or other person who regularly provides emergency services, and is not an employee or agent of, or a volunteer acting under the direction of, any board of education * * *.
A bench trial was conducted on December 28, 1998, and after hearing testimony from the victim, her mother, the arresting police officer, and the defendant, the trial court found Pool guilty of criminal child enticement. Pool has timely filed an appeal asserting two assignments of error, which we address together. In his first assignment of error, Pool contends that the trial court erred by denying his Crim.R. 29 motion for acquittal. In his second assignment of error, he maintains that "the state failed to establish any element of the charge alleged." Basically his second assignment of error challenges both the sufficiency, and the weight of the evidence; therefore we address both issues. Because the relevant inquiry for reviewing the denial of a Crim.R. 29 motion is the same as the inquiry for sufficiency, our review of the second argument also disposes of the first.[1]
To reverse a conviction for insufficient evidence, we must be persuaded that, after viewing all of the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[2] To reverse on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[3]
Although Pool denies having left the house on the day of the incident, we conclude that sufficient evidence was adduced at trial to support a finding of guilt. The victim testified that she was a ten-year-old elementary-school student who was walking to school one morning when Pool waved her over to his cream-colored Cadillac. The victim further testified that, when she did not get into the car, Pool followed her for about two or three blocks until she got to school. Pool testified that he did in fact own a Cadillac. The record further reflects that Pool did not have permission from the victim's mother to offer the victim a ride to school, and that he was not a proper law enforcement officer or other actor having a privilege under the statute. Additionally, we conclude that the evidence did not weigh heavily against a conviction. The weight to be given the evidence and the credibility of the witnesses were primarily for the trier of fact.[4] Although Pool's testimony conflicted with the victim's testimony, we cannot say as a matter of law that the trial court improperly weighed the evidence. Accordingly, we overrule Pool's first and second assignments of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Winkler, JJ.
 To the Clerk:
per order of the Court _______________________________.
_______________________________________________ Presiding Judge
[1] See State v. Bridgeman (1978), 55 Ohio St.2d 261, 263,381 N.E.2d 184, 185.
[2] See State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546; State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus.
[3] See State v. Thompkins, supra, at 387,678 N.E.2d at 546-547.
[4] See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.